PACIFIC COAST LAW GROUP
MARK A. GOLOVACH (Cal. Bar No. 220760)
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: 619/400-4895
Facsimile: 619/684-3601

TRAVIS, CALHOUN & CONLON, P.C.
ERIC G. CALHOUN
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: 972/934-4100
Facsimile: 972/934-4101

*Attorneys for Plaintiff*
*ELSA TERRELL*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA TERRELL, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No.:  **'11CV0926 JAH POR** |
| Plaintiff, ) | **CLASS ACTION COMPLAINT** |
| vs. ) ) | **JURY TRIAL DEMANDED** |
| BORREGO SPRINGS BANK, N.A., and DOES 1-10, inclusive, ) ) ) | |
| Defendants. ) ) ) ) | |

Plaintiff ELSA TERRELL, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to herself and upon information and belief based, in part, on the investigation of counsel, as follows:

## I.     PRELIMINARY STATEMENT

1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendants (as defined in ¶12, *infra*) alleging violations of 15 U.S.C. § 1693 *et seq.*, commonly known as the Electronic Fund Transfer Act (the "Act"), and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E ("Regulation E"), which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2.      The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services.  The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers.  12 C.F.R. § 205.1(b).  The EFTA requires specific disclosures be given by operators of any automated teller machine ("ATM") to users of an ATM, prior to the imposition of a fee for using an ATM.  15 U.S.C. § 1693b.

3.      The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)     Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.   However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights

4.      The EFTA specifically requires that an ATM ***must*** have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. § 1693b(d)(3).

- 1 -

5.     This case is brought under the EFTA based upon the fact that Defendants have imposed ATM fees on Plaintiff and other consumers without providing any posted notice as required by the EFTA.

6.     Plaintiff, on behalf of herself and all others similarly situated, brings this class action against Defendants based on Defendants' violation of the EFTA.  Plaintiff seeks, on behalf of herself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute.  15 U.S.C. § 1693m.  Plaintiff does not seek actual damages.

## II.     JURISDICTION

7.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

8.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## III.     PARTIES

9.     Plaintiff is a natural person who resides in San Diego County, California and used a certain ATM owned and operated by Defendants (as defined in ¶12, *infra*), which ATM is located at or about 7777 Alvarado Rd., La Mesa, California 91942 (the "Borrego Springs Bank ATM"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee by Defendants at the Borrego Springs Bank ATM described in this Complaint.

10.     Defendant BORREGO SPRINGS BANK, N.A. ("Borrego Springs Bank") is a federally chartered, financial institution doing business in California, with its principal place of business located at 7777 Alvarado Rd., Suite 515, La Mesa, California 91942.  Borrego Springs Bank owns and/or operates the Borrego Springs Bank ATM.

11.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 and include the Doe defendants' true names and capacities when they are ascertained.  Each of the

1  fictitiously named defendants is responsible in some manner for the conduct alleged herein and for

2  the injuries suffered by Plaintiff and the proposed class as a result of defendants' wanton and illegal

3  conduct.

4      12.    Borrego Springs Bank, and Does 1 through 10, inclusive, are collectively hereinafter

5  referred to as "Defendants."

6              ## IV.    **BACKGROUND**

7  **A.    Electronic Funds Transfer Act**

8      13.    "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated

9  through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order,

10 instruct, or authorize a financial institution to debit or credit an account. Such term includes . . .

11 automated teller machine transactions . . . ." 15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

12     14.    Defendants are an "automated teller machine operator" as that term is defined by 12

13 C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that

14 operates an automated teller machine at which a consumer initiates an electronic fund transfer or a

15 balance inquiry and that does not hold the account to or from which the transfer is made, or about

16 which an inquiry is made."

17     15.    15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. §

18 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer

19 services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the

20 fee before the consumer is committed to the transaction.  Specifically, 12 C.F.R. § 205.16(b) states:

21          *General.* An automated teller machine operator that imposes a fee on
            a consumer for initiating an electronic fund transfer or a balance
22          inquiry shall:

23          (1)    Provide notice that a fee will be imposed for providing
            electronic fund transfer services or a balance inquiry; and
24

            (2)    Disclose the amount of the fee.
25

26     16.    15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c),

27 specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

28 / / /

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

17.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

18.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required ***unless*** the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

(C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

(e) *Imposition of fee.*  An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

19. In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.** Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….

71 F.R. 1638, 1656 (emphasis added).

20. Thus, the statute and regulation require that a physical notice **_must_** be displayed informing consumers that the ATM imposes a surcharge, and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

21. The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006). A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into a transaction. *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

22. The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendants.

**B.    Defendants' Conduct**

23. Defendants are ATM operators regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

24.    Defendants are operators of the Borrego Springs Bank ATM located at or about 7777 Alvarado Rd., La Mesa, California 91942.

25.    Defendants are owners of the Borrego Springs Bank ATM located at or about 7777 Alvarado Rd., La Mesa, California 91942.

26.    The Borrego Springs Bank ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

27.    The Borrego Springs Bank ATM imposes a fee on consumers who withdraw cash from the Borrego Springs Bank ATM.

28.    Defendants failed to post on or at the Borrego Springs Bank ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendants' improper imposition of a fee to Plaintiff and other users of the Borrego Springs Bank ATM.

29.    Defendants' failure to post the required notice on or at the Borrego Springs Bank ATM has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

30.    Despite knowing of the ATM fee notice provisions of the EFTA, Defendants have violated the EFTA by failing to post the required ATM fee notice at the Borrego Springs Bank ATM and improperly imposing ATM fees.

31.    Defendants' non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee on Plaintiff and the members of the proposed class, did not result from a bona fide error.

**C.    Plaintiff's Electronic Funds Transfers With Defendants**

32.    Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

33.    Within one year of the filing of this Complaint, Plaintiff used the Borrego Springs Bank ATM described in this Complaint in order to conduct an electronic funds transfer involving the withdrawal of cash.

34.    The Borrego Springs Bank ATM did not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16, as it did not have any sign affixed to it or in close proximity to

it informing consumers that use of the Borrego Springs Bank ATM will or may result in an ATM surcharge.

35.     Plaintiff was in fact assessed a $1.75 ATM surcharge fee for withdrawing cash from the Borrego Springs Bank ATM described in this Complaint.

## V.     CLASS ALLEGATIONS

36.     Plaintiff brings this class action on behalf of herself and all other similarly situated persons pursuant to Rule 23(a), (b)(1), (b)(3) of the Federal Rules of Civil Procedure. Plaintiff hereinafter sets forth facts and allegations more specifically in support of her class action allegations.

37.     Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Borrego Springs Bank ATM described in ¶9, *supra*, and (c) were assessed a fee for withdrawing cash from the Borrego Springs Bank ATM described in ¶9, *supra*, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until Defendants are compliant with the EFTA by posting the appropriate notice (the "Class").

38.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

39.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

40.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendants' records.  Defendants have exclusive control of this information.

41.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this Class and deemed necessary and/or appropriate by this Court.

42.     Defendants can generate data for its Borrego Springs Bank ATM identifying each transaction in which a fee was charged.  The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer.  The PAN includes a bank identification number ("BIN").  This information can be used to identify members of the Class.

43.     The Class is sufficiently numerous to make bringing all parties before the Court impractical pursuant to Rule 23(a)(1) of the Federal Rules of Civil Procedure.

44.     Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

45.     Plaintiff and members of the Class were each users of the Borrego Springs Bank ATM since the date one year prior to the filing of this action.

46.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendants' failure to comply with the ATM fee notice requirements of the EFTA, thereby resulting in common questions of law and fact pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure.

47.     Plaintiff and each member of the Class received an inadequate notice regarding the imposition of an ATM fee by the Borrego Springs Bank ATM.

48.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a)     Whether Defendants were at all relevant times during the class period automated teller machine operators which imposed a fee on consumers for providing host transfer services to those consumers;

(b)     Whether Defendants are the operators of the Borrego Springs Bank ATM;

(c)     Whether Defendants complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendants' acts and conduct.

49.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation as set forth in Rule 23(a)(4) of the Federal Rules of Civil Procedure.

50.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class.

/ / /

- 8 -

51.     In support of Plaintiff's allegations pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Plaintiff avers that a class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.   While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.   As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.   Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.   The likelihood of the individual members of the Class prosecuting separate claims is remote.   Pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.   In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

### VI.     <u>CLAIMS</u>

**COUNT I**
**Against All Defendants for**
**Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

52.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

53.     Plaintiff asserts this claim on behalf of herself and the Class against Defendants.

54.     Defendants failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

/ / /

/ / /

55.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

56.     Defendants imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

57.     As a result of Defendants' violations of the EFTA, Defendants are liable to Plaintiff and the Class for statutory damages pursuant to 15 U.S.C. § 1693m.

58.     As a result of Defendants' violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.     Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and

E.     For other and further relief as the Court may deem proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  April 29, 2011                                s/ Mark A. Golovach

_____
MARK A. GOLOVACH

PACIFIC COAST LAW GROUP
501 W. Broadway, Suite 800
San Diego, California  92101
Telephone:  619/400-4895
Facsimile:  619/684-3601

TRAVIS, CALHOUN & CONLON, P.C.
ERIC G. CALHOUN
1000 Providence Towers East

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5001 Spring Valley Road
Dallas, Texas 75244
Telephone: 972/934-4100
Facsimile: 972/934-4101

*Attorneys for Plaintiff*
*ELSA TERRELL*

CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ELSA TERRELL, Individually and on Behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark A. Golovach, Esq., Pacific Coast Law Group, 501 W. Broadway, Suite 800, San Diego, California, 92101, 619/400-4895

## DEFENDANTS

BORREGO SPRINGS BANK, N.A., and DOES 1-10, inclusive

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'11 CV0926 JAH POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 1693, et seq.; 12 C.F.R. section 205, et seq.

Brief description of cause:   Defendants' violation of the Electronic Fund Transfer Act and Regulation E

28:1331   YEB

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
04/29/2011

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____